UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ARMSTRONG,

                Plaintiff,                    CIVIL ACTION NO. 13-cv-14218

            v.                       DISTRICT JUDGE DAVID M. LAWSON

COMMISSIONER OF            MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff John Armstrong seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g).  (Docket no. 1.)  Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 10) and Defendant's Motion for Summary Judgment (docket no. 12).  The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  (Docket no. 2.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.      RECOMMENDATION

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 10) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 12) be GRANTED. The undersigned also recommends that the Court sanction Plaintiff's counsel under its inherent authority in an appropriate dollar amount payable to the Clerk of this Court.

## II.     PROCEDURAL HISTORY

In a decision dated December 17, 2003, the Social Security Administration found that Plaintiff was disabled from June 26, 2001 to June 10, 2003, due to "status/post crush injury to the right hand and loss of middle right finger and depressive disorder NOS." (TR 13, 52-57.) Although Plaintiff was only awarded benefits for a closed period, Plaintiff's benefits continued for years due to an administrative error, and on January 21, 2010, the Social Security Administration conducted a disability review and determined that Plaintiff was no longer disabled as of March 1, 2010. (TR 60-61). The decision was upheld upon reconsideration, and Plaintiff requested a *de novo* hearing, which was held on May 14, 2012, before Administrative Law Judge (ALJ) John A. Ransom. (TR 13, 23, 63-65.) In a decision dated May 24, 2012, the ALJ found that Plaintiff was no longer disabled as of March 1, 2010. (TR 13-23.) The Appeals Council declined to review the ALJ's decision (TR 1-3), and Plaintiff commenced this action for judicial review. The parties then filed cross motions for summary judgment, which are currently pending before the Court.

## III.    PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND THE VOCATIONAL EXPERT'S TESTIMONY

### A.      Plaintiff's Testimony and the Medical Evidence of Record

In his Statement of Facts, Plaintiff sets forth a short procedural history of this matter and the ALJ's basis for denying his benefits, but he does not discuss his testimony or medical record. (Docket no. 10 at 5.) After setting forth the relevant law in this matter, Plaintiff restates the ALJ's findings and makes some references to his testimony and medical record. (*Id*. at 10-11.) Defendant's account of Plaintiff's testimony and medical record is largely consistent with the ALJ's, but is more focused on the evidence in support of Defendant's position. (Docket no. 12 at 6-12; *see also* TR 15-19.) The undersigned has conducted an independent review of the hearing transcript and

Plaintiff's medical record, but for the reasons discussed *infra*, it is unnecessary to summarize them herein.  Therefore, Plaintiff's testimony and medical record as set forth in the ALJ's decision (TR 15-19) and Plaintiff's brief (docket no. 10 at 10-11) are adopted; the undersigned will incorporate comments and citations as necessary throughout this Report and Recommendation.

>       **B.      Vocational Expert's Testimony**

First, the ALJ asked the Vocational Expert (VE) whether Plaintiff could perform his past work or any other sedentary or light work, assuming that Plaintiff had the limitations and impairments alleged and that his testimony was credible.  (TR 47.)  The VE testified that Plaintiff's ability to perform his past work or any other sedentary or light work would be precluded due to his need to lie down for one to two hours at a time at least two days a week as a result of pain and fatigue.  (TR 47.)

The ALJ then asked the VE whether there would be jobs in existence in significant numbers in the regional economy that Plaintiff could perform, assuming he was able to perform light work subject to the following restrictions: no air or vibrating tools and no repetitive pushing, pulling, gripping, or grasping with the right upper extremity.  (TR 48.)  The VE testified that there were some jobs in the Jackson, Michigan area in the light classification that Plaintiff could perform: "a reduced range of unskilled office work positions reduced down to 2,500 jobs;" "a reduced range of resection and information clerk positions, reduced to 2,000 jobs;" "a reduced range of host positions, reduced to 1,500 jobs;" and "a reduced range of gate security guard-type positions, reduced to 1,000 jobs."  (TR 48.)

Next, Plaintiff's attorney asked the VE whether the number of jobs available to Plaintiff would change if Plaintiff were unable to sit longer than thirty minutes, stand longer than thirty minutes, or walk longer than thirty minutes.  (TR 49.)  The VE responded that the number of office

work positions would be reduced to about 1,800 and that the other aforementioned jobs would be precluded.  (TR 49.)  The VE continued that there would be other jobs available to Plaintiff, such as 2,100 inspector positions, 1,500 food preparation positions, and probably about 1,000 laundry worker-type positions.  (TR 49.)

## IV.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that at the time of Plaintiff's most recent favorable decision finding him disabled, the "comparison point decision" ("CPD"), dated December 17, 2003, Plaintiff suffered from "status post crush injury to the right hand and loss of middle right finger and depressive disorder, NOS."  (TR 14-15.)  The ALJ then found that Plaintiff had not engaged in substantial gainful activity through March 1, 2010, the date Plaintiff's disability ended.  (TR 15.)  The ALJ further found that as of March 1, 2010, Plaintiff suffered from crush injury to right hand, loss of middle finger on his right hand, hypertension, obesity, and depression, however, he did not have an impairment or combination of impairments that met or equaled the severity of an impairment in the Listing of Impairments.  (TR 15.)  The ALJ then determined that medical improvement occurred as of March 1, 2010, and the medical improvement was related to Plaintiff's ability to work because the impairment that was present at the time of the CPD decreased in medical severity, which resulted in an increase to Plaintiff's residual functional capacity (RFC):

> Based on the impairments present as of March 1, 2010, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no repetitive pushing or pulling, gripping or grasping; and no air or vibrating tools with the right upper extremity.

(TR 15, 19-21.)  Subsequently, in reliance on the VE's testimony, the ALJ found that Plaintiff could not perform any of his past relevant work but that he could perform a significant number of jobs in the national economy.  (TR 21-22.)  Therefore, the ALJ concluded that Plaintiff's disability under

4

the Social Security Act ended as of March 1, 2010.  (TR 22, 23.)

## V.   LAW AND ANALYSIS

### A.   Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B.   Framework for Social Security Determinations

5

Plaintiff's initial Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

(2)    Plaintiff suffered from a severe impairment; and

(3)    the impairment met or was medically equal to a "listed impairment;" or

(4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

C.    **Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six

remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).  Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing.  42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).  Plaintiff argues that this matter should be reversed or remanded under sentence four because "[t]he Commissioner erred as a matter of law in assessing [Plaintiff's] credibility and by failing to properly evaluate the medical records of evidence and, thereby, forming an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments."  (Docket no. 10 at 6.)

### 1.   *Whether Plaintiff Underwent Medical Improvement Related to His Ability to Work*

Once a claimant has been awarded disability benefits, an ALJ must find that there has been a medical improvement in the beneficiary's condition before terminating the claimant's benefits. Title 42 U.S.C. § 423(f) provides:

> A recipient of benefits under this [title] . . . based on the disability of any individual may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if such finding is supported by --
>
> (1) substantial evidence which demonstrates that --
>
> > (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and

7

(B) the individual is now able to engage in substantial gainful activity;

42 U.S.C. § 423(f)(1). "If substantial evidence supports both prongs, then the Secretary correctly terminated" the claimant's benefits. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Any improvement in the beneficiary's impairment meets the statutory standard for medical improvement. *See* 42 U.S.C. § 423(f); 20 C.F.R. § 404.1594(c)(1).

"To apply the medical improvement test, the ALJ must first compare the medical severity of the current impairment(s) to the severity of the impairment(s) which was present at the time of the most recent favorable medical decision finding the claimant disabled." *Shepherd v. Apfel*, 184 F.3d 1196, 1201 (10th Cir. 1999). "Then, in order to determine that medical improvement is related to ability to work, the ALJ must reassess a claimant's residual functional capacity (RFC) based on the current severity of the impairment(s) which was present at claimant's last favorable medical decision." *Id.* The regulations set forth evaluation steps at 20 C.F.R. § 404.1594(f) to assure that disability reviews are carried out in a uniform manner.

The issue regarding whether Plaintiff underwent a medical improvement should be one of the focal arguments in Plaintiff's Motion for Summary Judgment; Plaintiff, however, fails to set forth any facts, law, or legal analysis addressing this seminal issue.[1]   In a conclusory statement hidden at the end of a sentence that in fact focuses on Plaintiff's credibility, Plaintiff casually inserts, almost as an afterthought, the phrase: "he has not in fact had medical improvement as of December 31, 2009." (Docket no. 10 at 10.) By failing to properly address the most central issue of Plaintiff's

---

[1]Defendant set forth the legal framework for medical improvement in her Motion for Summary Judgment, but after recognizing that Plaintiff did not address it in his Motion, Defendant likewise chose not to address Plaintiff's medical improvement in her argument. (*See* docket no. 12 at 16.)

8

case, Plaintiff's counsel has effectively dropped the ball and has failed to represent his client's interests effectively. This is a travesty which will not be ignored by this Court. Consequently, the undersigned will recommend that sanctions be imposed on Plaintiff's counsel, as further discussed below.

### 2.   *Plaintiff's Ability to Engage in Substantial Gainful Activity*

#### a.   Plaintiff's Hypothetical Question Argument

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is only required to incorporate in his hypothetical questions those limitations that he finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC–that is, all of the limitations that the ALJ found credible. The VE testified that there are jobs available for a person with these limitations. Thus, the ALJ's hypothetical questions were not improper, and in substance, Plaintiff's motion asserts that the ALJ erred in determining Plaintiff's RFC when he failed to properly assess Plaintiff's credibility and evaluate the medical opinions.

Plaintiff seemingly asserts that the ALJ should have included the facts of the ALJ's first hypothetical question to the VE, which included Plaintiff's alleged need to lie down for one to two hours at a time at least two days a week, in determining Plaintiff's RFC. (Docket no. 10 at 12.) Plaintiff's argument fails, as his entire discussion of this matter is limited to several pages of legal standards and a few vague references to his testimony and medical records. (*See* docket no. 10.) Plaintiff does not discuss why he believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE. As the Court addressed in a similar matter

9

wherein Plaintiff's counsel filed a substantially similar brief on this issue, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for his challenge to the ALJ's [decision]." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, *1 (E.D. Mich. Mar. 24, 2014) (Rosen, J.). Thus, Plaintiff's Motion should be denied with regard to this issue.

### b.   Plaintiff's Credibility Argument

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective

10

medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2).  The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain.  *See* 20 C.F.R. § 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Plaintiff asserts that the ALJ erred when he found that Plaintiff was not credible because "[t]he medical record snapshot below shows that the medical records support his testimony," and "[t]he reasons given by the ALJ in discounting [Plaintiff's] testimony are clearly insufficient." (Docket no. 10 at 11, 14.)  To support this argument, Plaintiff vaguely refers to his medical record:

> The medical record dated 5/20/2010 it indicates chronic pain and that he had a [sic] amputation in 2001. (Tr. 331) Also at (Tr. 336) he also stated that "I have chronic pain in my right hand and had amputation of the right middle finger due to machine injury 9 years ago…"

> In regards to his mental impairments in the record dated 3/31/2010 it reveals symptoms of depressed mood and hopelessness. (Tr. 298) Additionally, the record dated 3/24/2010 also indicated symptoms of depressed mood, somatic complaints, hopelessness, sleep disturbance, worthlessness, anxiousness, obsess/compulsion. (Tr. 299) The diagnoses [sic] at (Tr. 307) was that of "major depression" with a GAF of 45. Also in a record dated 3/31/2010 it also indicates a diagnoses [sic] of "recur Majr [sic] Depressive Mild." (Tr. 358) Also see, (Tr. 370, 392).

*(Id*. at 11.)

As with Plaintiff's hypothetical question argument, *supra*, Plaintiff's credibility argument is devoid of factual detail and legal analysis.  Even assuming, *arguendo,* that Plaintiff's medical records are consistent with his complaints, these consistencies are not sufficient to overturn the ALJ's credibility determination, as the evidence also supports the ALJ's findings.  In addition to

11

considering Plaintiff's medical records, the ALJ considered the factors set forth in 20 C.F.R. §

416.929(c)(3) and found that Plaintiff's disability allegations were less than credible for the

following reasons:

> In terms of the claimant's alleged crush injury to right hand, loss of middle finger on his right hand, hypertension, obesity and depression, no physician has disabled the claimant from all work.  Although, claimant has a history of hypertension, he appears to be stable on medication.  He denies any chest pain, nausea, vomiting or headache (Exhibit 15F).  Although, claimant complains of chronic pain in his right hand, he has relatively normal daily activities.  Although, he is not as fast at doing some things and needs to take his time, he can perform simple household chores, laundry and basic cooking.  He is independent in self-care and personal hygiene.  He goes for walks, is able to shop, drive and has a license.  In assessing claimant's physical capabilities, he testified he naps 2 days out of the week for 1 to 2 hours at a time, but no physician has directed claimant to do so or directed him to limit his activities.

> . . . .

> Although, the claimant has had treatment for depression, claimant is able to complete daily activities.  He spends time with family members; and while employed, interactions with others were satisfactory.  He is oriented to time place and person.  Claimant has reported that he has problems with focusing and concentration.  However, his credibility is limited due to the January 28, 2010, examination with Dr. Dickson, stating that claimant under-represented abilities for memory and counting.  Dr. Dickson's evaluation showed claimant's mental abilities to understand, attend to, remember, and carry out instructions are not significantly impaired for unskilled work. . . .

(TR 20-21.)  There is substantial evidence in support of the ALJ's decision.  And where the

Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the

reviewing court would decide the matter differently, *Kinsella*, 708 F.2d at 1059, and even if

substantial evidence also supports the opposite conclusion.  *See Her,* 203 F.3d at 389-90.

### 3.      *Waiver and Sanctions*

The undersigned has carefully examined Plaintiff's counsel's submission and finds it

thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's

superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for this Court's most serious consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The Court acknowledges that counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (6th Cir. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)). The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14 (E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec.*, No. 09-13700 (E.D. Mich. Mar. 2, 2011)). Therefore, Plaintiff's Motion should be denied.

As Chief Judge Rosen noted in *Fielder*, this is not the first time the Court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel." 2014 WL 1207865, at *1 n.1 (collecting cases). Moreover, the Court warned Plaintiff's counsel that "this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or referral for disciplinary proceedings. *Id.*

In this case, Plaintiff's counsel again filed his standard, template-based brief in support of Plaintiff's Motion for Summary Judgment, a brief which is almost identical to the brief he filed in

13

*Fielder* and dozens, if not hundreds, of other briefs that he has filed with this Court. However, it should be noted that the instant case is not in any way the typical or routine Social Security appeal; indeed, Plaintiff's case is distinctive in that the point of contention is the termination of Plaintiff's benefits, not the denial of benefits to Plaintiff. This issue requires the application and analysis of the medical improvement standard to the facts in this Plaintiff's case, which as discussed above, Plaintiff's counsel failed to argue and brief. Yet, as evidenced by Plaintiff's brief reference in a single, short phrase alluding to Plaintiff's medical improvement, this is not a case where Plaintiff's counsel failed to recognize the issue; this is a case where Plaintiff's counsel recognized the issue and either carelessly failed to address it or chose to ignore it, because to do otherwise would have required him to vary from filing his standard template brief and force him to actually research and brief the issues at hand.

The Court finds Plaintiff's counsel's conduct to be egregious, and a wanton abuse of the judicial process tantamount to bad faith, resulting in the gross misrepresentation of his client. A court may exercise its inherent powers to impose sanctions "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). Sanctions imposed under a court's inherent authority are punitive in nature. *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 647 (6th Cir. 2006). "Accordingly, the sanction must be severe enough to have some deterrent effect without being excessive and risking that the sanctioned party would have an inability to satisfy the sanction's terms." *Dubuc v. Green Oak Twp.*, No. 08-13727, 2010 WL 3245324, at *10 (E.D. Mich. Aug. 16, 2010) aff'd, 482 F. App'x 128 (6th Cir. 2012). The undersigned finds that a sanction in the amount of $5,000.00 is sufficient to deter Plaintiff's counsel from filing deficient briefs in the future, while not being cost-prohibitive. Thus,

14

for the reasons expressed above, the undersigned recommends that the Court exercise its inherent authority to sanction Plaintiff's counsel in the amount of $5,000.00 payable to the Clerk of this Court.

## VI.    CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no.10) be DENIED, that Defendant's Motion for Summary Judgment (docket no. 12) be GRANTED, and that Plaintiff's counsel be sanctioned in the amount of $5,000.00.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.


Dated: November 20, 2014           s/ Mona K. Majzoub_____
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE




                              **PROOF OF SERVICE**

       I hereby certify that a copy of this Report and Recommendation was served upon Counsel
of Record on this date.

Dated: November 20, 2014            s/ Marlena Williams_____
                                   Case Manager



                                       16